GRIFFIN, Circuit Judge.
Plaintiff Denise Alexander, personal representative of the estate of James Lee Alexander, Jr., appeals the district court’s grant of summary judgment based on qualified immunity in favor of defendant Sergeant Rich Merrow of the Wayne County Sheriffs Office. We affirm.
In January 2012, Sergeant Merrow saw James Alexander leave a suspected drug house. Merrow followed and initiated a *442 traffic stop after observing Alexander drive without a seatbelt and without using turn signals. At first, Alexander cooperated. When he learned Merrow was impounding his car, however, Alexander started the vehicle and shut the driver’s side door. Merrow repeatedly tried to open the driver’s side door and warned Alexander to get out of the car and not “do this,” but Alexander kept pulling the door shut.
When Merrow saw Alexander put the car in drive, Merrow reached inside and grabbed the steering wheel, hoping to direct the car into a parked vehicle if Alexander tried to flee. Alexander then overpowered Merrow by turning the wheel to the left and pulled out into the street. The car hit Merrow on his left side as it turned in front of him, forcing him off balance. As the car picked up speed, Merrow lost his footing and the car began dragging him backwards down the street. Merrow hung onto the wheel, “scared to death” he would be run over. Eyewitnesses were unequivocal that Merrow was being dragged and in mortal danger. Alexander gave no indication he would stop the car. Believing there was no other way to stop the vehicle, Merrow fired his gun into the car twice, killing Alexander.
Denise Alexander brought this 42 U.S.C. § 1983 action claiming Merrow used excessive force when he shot and killed Alexander. Plaintiff argues Alexander was nonthreatening and non-violent when he fled the traffic stop, and Officer Merrow merely “lost his footing and fell down.” The district court applied the factors established in Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), and properly considered Merrow’s reasonableness under the totality of the circumstances he faced at the time he decided to use force: while Alexander was dragging Merrow backwards alongside his car onto a public road. See Livermore ex rel. Rohm v. Lubelan, 476 F.3d 397, 406-07 (6th Cir. 2007) (describing the “segmented analysis” this court uses to analyze use-of-force claims).[1] As plaintiff never presented any evidence refuting that Alexander’s car was dragging Merrow and that Merrow was at significant risk of injury or death, the district court properly held that Merrow was “entitled to qualified immunity because the undisputed facts establish[ed] that, as a matter of law, he did not violate Alexander’s Fourth Amendment right to be free from excessive force.” We agree with the district court.
We have reviewed the record on appeal and had the benefit of oral argument. Because the district court fully articulated the reasons why judgment should be entered for Merrow, a detailed opinion by this court would be duplicative and serve no useful purpose. Accordingly, we adopt the analysis and conclusions of the district court and affirm on the basis of its April 14, 2016, opinion.

. Our dissenting colleague faults Officer Mer-row for his actions preceding the shooting. As the district court recognized, however, this court does not scrutinize whether it was reasonable for the officer “to create the circumstances” that led to the use of force. Livermore, 476 F.3d at 406 (quotation marks and citations omitted). Instead, we focus on whether the officer's actions were objectively reasonable under the totality of the circumstances he faced "at the time [he] made [his] split-second judgment[ ] immediately prior to using deadly force.” Chappell v. City of Cleveland, 585 F.3d 901, 909 (6th Cir. 2009).